4/11/2023 12:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74522949
By: Patricia Jones
Filed: 4/11/2023 12:39 PM



**CAUSE NO. _____**

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **___ JUDICIAL DISTRICT** |

**PLAINTIFF GALLERIA 2425 OWNER LLC'S**
**ORIGINAL PETITION, EMERGENCY APPLICATION FOR TEMPORARY**
**RESTRAINING ORDER AND JURY DEMAND**

Plaintiff Galleria 2425 Owner LLC ("Plaintiff") files this Original Petition against Defendant National Bank of Kuwait, S.A.K.P., New York Branch ("NBK" or "Defendant") and hereby states and alleges the following:

**I.**
**DISCOVERY PLAN**

1.      Discovery should be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF SOUGHT**

2.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff is presently seeking monetary relief over $1,000,000.  The damages sought are within the jurisdictional limits of the Court.

1

4894-2046-8056

### III.
### PARTIES

3.      Plaintiff Galleria 2425 Owner LLC is a limited liability company doing business in Texas and is the owner of the building located at 2425 West Loop S., Houston, Texas (the "Building").

4.      Defendant National Bank of Kuwait, S.A.K.P., New York Branch is a banking corporation organized under the laws of Kuwait, acting through its New York Branch.  Defendant has not designated a registered agent for service of process in the State of Texas.  As such, pursuant to Texas Civil Practice and Remedies Code §17.041-045, the Texas Secretary of State is Defendant's agent for service of process in this proceeding, which arises out of business Defendant has done in this state, and Defendant may be served through the Texas Secretary of State.  The Secretary of State shall thereafter forward a copy by certified mail, return receipt requested, to Corporation Service Company, 299 Park Avenue, New York, New York 10171.  Plaintiff requests that the clerk issue citation at this time.

### IV.
### JURISDICTION AND VENUE

5.      The Court has jurisdiction over the parties and claims which are the subject of this suit.

6.      Venue is mandatory in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.020 because the agreement that forms the basis of this lawsuit constitutes a "major transaction," is in writing, and the parties thereto agreed that a suit arising from the agreement will be brought in Harris County, Texas.  Venue is additionally proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.0115 because the Defendant transacted business in and around Harris County, Texas; the real estate which forms the basis of

the claims asserted by Plaintiff is located in Harris County, Texas; and the agreement which forms the basis of this suit was executed and performable in Harris County, Texas.

**V.**
**FACTS**

7.    In 2018, Plaintiff and Defendant executed a loan agreement in which Defendant loaned certain funds to Plaintiff.  There is a dispute concerning the terms of the loans agreement, as well as a dispute concerning the extent and validity of the Defendant's alleged security interest in the Building.

8.    A dispute arose between Plaintiff and Defendant in 2021 concerning the loan agreement.  In September 2021, Plaintiff initiated a lawsuit against Defendant.

9.    To settle claims and controversies existing between them, the parties entered into a Confidential Settlement Agreement dated August 22, 2022 (the "Confidential Settlement Agreement").   The Confidential Settlement Agreement includes express confidentiality obligations requiring the parties to keep the contents and terms of the agreement completely confidential.

10.    Pursuant to the Confidential Settlement Agreement, Plaintiff nonsuited its claims asserted in the lawsuit against Defendant on or around August 25, 2022.

11.    Upon information and belief, Defendant has improperly disclosed the terms of the Confidential Settlement Agreement to third parties in direct violation of its express confidentiality obligations.  Defendant provided information concerning the specific terms of the Confidential Settlement Agreement to at least one potential counterparty that was actively negotiating with Plaintiff in regard to financing related to the Building.  The potential counterparty ended its negotiations with Plaintiff once it learned the terms of the Confidential Settlement Agreement from Defendant.

12.     Plaintiff has been made aware that Defendant now intends to post the Building for the May 2, 2023 foreclosure sale.

## VI.
## CAUSES OF ACTIONS

### BREACH OF CONFIDENTIAL SETTLEMENT AGREEMENT

13.     The allegations contained in the preceding and subsequent paragraphs are incorporated herein by reference for all purposes.

14.     Plaintiff and Defendant reached a valid and enforceable agreement as expressly set forth in the unambiguous terms of the Confidential Settlement Agreement.  Pursuant to such Confidential Settlement Agreement, Defendant agreed to keep the contents and terms of the parties' agreement completely confidential.  Plaintiff dismissed its claims in the Lawsuit against Defendant in reliance upon Defendant's promise to uphold its confidentiality obligations set forth in the Confidential Settlement Agreement.

15.     Defendant breached the Confidential Settlement Agreement by disclosing its contents and terms to third parties in violation of the agreement's express confidentiality provisions.  As a direct and proximate result of Defendant's breach of the Confidential Settlement Agreement, Plaintiff has been damaged in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff accordingly seeks recovery of all damages suffered due to Defendant's breach of contract, including, but not limited to, all direct and consequential damages incurred as a result of Defendant's conduct.

## VII.
## ATTORNEYS' FEES

16.     Plaintiff has been required to employ counsel to represent its interests as a result of Defendant's breach of the Confidential Settlement Agreement.  Plaintiff seeks all reasonable and

necessary attorneys' fees, expenses, and costs of court pursuant to the terms of the Confidential Settlement Agreement and applicable law, including, but not limited to, Section 38.001 of the Texas Civil Practice & Remedies Code.

## VIII.
## PLAINTIFF'S INJURIES AND DAMAGES

17.     The Plaintiff has and will continue to be damaged and injured by Defendant's conduct in as much as Plaintiff has had to incur attorney's fees and costs to defend against the Defendant's wrongful actions and will lose all equity in the Building if a foreclosure sale is completed.

## IX.
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

18.     The Plaintiff requires injunctive relief to prevent the Defendant from improperly and wrongfully foreclosing on the Building.

19.     The Plaintiff has alleged a cause of action against the Defendant, and as indicated in this petition, the Plaintiff has shown a probable right of recovery and likelihood of success on the merits, the Plaintiff will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law.

20.     As a direct and proximate result of the Defendant's wrongful actions as alleged in this petition, the Plaintiff has suffered and will continue to suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. There is no necessity for a bond to facilitate the injunctive relief requested.

21.     The only adequate, effective, and complete relief to the Plaintiff is to restrain the Defendant from further engaging in certain proscribed activities, as set forth below. Pursuant to *Tex. R. Civ. P. 680 et seq.* and *Tex. Civ. Prac. & Rem. Code § 65.001 et seq.*, and in order to

preserve the status quo during the pendency of this action, the Plaintiff seek a temporary restraining order, and on hearing, a temporary and permanent injunction, ordering and immediately restraining the Defendant, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") as follows:

    a)  Enjoining the Defendant from foreclosing on the Building or otherwise denying access thereto.

    b)  Mandating that the Defendant not post, or cause the Building to be posted for the May 2023 foreclosure sale.

## X.
## JURY DEMAND

22.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI.
## PRAYER

WHEREFORE, Plaintiff Galleria 2425 Owner LLC respectfully requests that Defendant National Bank of Kuwait, S.A.K.P., New York Branch be cited to appear and answer herein and upon final hearing hereof, Plaintiff be awarded its damages resulting from Defendant's breach of contract, costs and fees, including reasonable and necessary attorneys' fees, along with any other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted:

/s/ James Q. Pope
James Q. Pope
TBN: 24048738
The Pope Law firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
Ph: 713-449-4481
Fx: 281-657-9693
jamesp@thepopelawfirm.com

**JURAT**

My name is Alfred Kelly Williams, my date of birth is 09/22/1960. My office address is 2425 West Loop South, Houston, Texas 77027.  I declare under penalty of perjury that the facts and events set forth in the foregoing Original Petition, Emergency Application for Temporary Restraining Order and Jury Demand are within my personal knowledge and are true and correct.

Executed in Harris County, State of Texas, on the 11th day of April 2023

  /s/ Alfred Kelly Williams
Alfred Kelly Williams

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
ecf@thepopelawfirm.com
Envelope ID: 74522949
Filing Code Description: Petition
Filing Description: Original Petition and Emergency Application for Temporary Restraining Order
Status as of 4/11/2023 1:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 4/11/2023 12:39:30 PM | SENT |

4/11/2023 12:39:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 74522949
By: JONES, PATRICIA D
Filed: 4/11/2023 12:39:30 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION
## FOR TEMPORARY RESTRAINING ORDER

**CAME ON FOR CONSIDERATION** Plaintiff's Emergency Application or Temporary

Restraining Order and the court being apprised of the premises based upon the pleadings, exhibits,

records, and documents filed by counsel and presented to the court, as well as the arguments of

counsel at the hearing, the Court finds that unless Defendant is enjoined from posting Plaintiff's

building located at 2425 West Loop S., Houston, Texas 77027 for the May 2023 foreclosure sale,

Plaintiff will suffer immediate and irreparable harm and lose access to both properties and the

equity in the building, and there is no other adequate remedy at law. The Court finds that there is

a dispute between the parties and a possible violation of certain confidentiality obligations.

Plaintiff was unable to resolve this matter prior to the hearing on Plaintiff's Application for

Temporary Restraining Order. The Court is of the opinion that the Application should be

GRANTED. Therefore, it is:

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents,

assigns or successors in interest shall not proceed with posting the building located at 2425 West

1

Loop S., Houston, Texas 77027 for the May 2023 foreclosure sale, or any subsequent foreclosure sale.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest, shall not take any steps to cause the building located 2425 West Loop S., Houston, Texas 77027 to be posted for the May 2023, or any subsequent foreclosure sale, including but not limited to, having a receiver, or any other third party, appointed that would adversely affect Plaintiff's interest in, or access to, the building, and shall not in any way interfere, or cause an interference, with Plaintiff's quiet use and enjoyment of the building located at 2425 West Loop S., Houston, Texas 77027, without further order of this court.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest shall immediately cease any and all communications, verbal or written, that violate the Confidential Settlement Agreement dated August 22, 2022, shall not interfere with Plaintiff's business, shall not communicate with Plaintiff's tenants, customers or business partners or affiliates, shall not violate any terms of the Confidential Settlement Agreement dated August 22, 2022, shall keep the contents and terms of the Confidential Settlement Agreement dated August 22, 2022 completely confidential, and the parties shall attend mediation prior to the Temporary Injunction hearing.

**IT IS FURTHER ORDERED** that bond shall be set in the amount of $_____ and the Temporary Injunction hearing is set for the following date: _____ at the following time: _____.

Signed: _____

_____
JUDGE PRESIDING

4/11/2023 1:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74526562
By: Lewis John-Miller
Filed: 4/11/2023 1:37 PM

## CAUSE NO. <u>2023-22748</u>

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **215th   JUDICIAL DISTRICT** |

---

## NOTICE OF HEARING

---

You are hereby notified that a hearing on Plaintiff's Emergency Application for Temporary Restraining Order has been set for the following date, time and location.

Date:        Tuesday, April 11, 2023

Time:        2:30 p.m.

Location:    Harris County Ancillary Court (**IN PERSON**), 190th Judicial District Court, 12th Floor, 201 Caroline, Houston, Texas, 77002

Respectfully submitted,

/s/ James Q. Pope
James Q. Pope
TBN: 24048738
The Pope Law Firm
6161 Savoy Drive
Suite 1125
Houston, Texas 77036
Phone: 713-449-4481
Fax: 281-657-9693
jamesp@thepopelawfirm.com

Unofficial Copy Office of Marilyn Burgess District Clerk

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 11, 2023 a true and correct copy of the foregoing document was served on interested parties by facsimile transmittal:

NBK
NATIONAL BANK OF KUWAIT, S.A.K.P., New York Branch
Fax: 212-319-8269


/s/ James Q. Pope
James Q. Pope

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
ecf@thepopelawfirm.com
Envelope ID: 74526562
Filing Code Description: Notice
Filing Description: Notice of Hearing
Status as of 4/11/2023 1:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 4/11/2023 1:37:37 PM | SENT |

Filed 23 April 12 P1:50
Marilyn Burgess - District Clerk
Harris County

Cause No. 202322748

GALLERIA 2425 OWNER LLC                    IN THE DISTRICT COURTS OF

V.                                          HARRIS COUNTY, TEXAS
NATIONAL BANK OF KUWAIT S A K P
NEW YORK BRANCH                             215 JUDICIAL DISTRICT

TRANSFER ORDER

It is ORDERED that the Harris County District Clerk transfer the
above styled and numbered cause from the 215 District Court to the 281
District Court.

SIGNED Tuesday, April 11, 2023

_____
HON. BEAU MILLER
ADMINISTRATIVE JUDGE
CIVIL TRIAL DIVISION

Attraction Cause Number 202163370

GALLERIA 2425 OWNER LLC

v.

NATIONAL BANK OF KUWAIT S A K P NEW YORK BRANCH A BANKING CORPORATION

File Court 281

JUDGMENT DATE:                    JUDGMENT TYPE:

CASE TYPE: Other Property

5/8/2023 2:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75414824
By: Bonnie Lugo
Filed: 5/8/2023 2:25 PM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH, A** | § | |
| **BANKING CORPORATION** | § | |
| **ORGANIZED UNDER THE LAWS** | § | |
| **OF KUWAIT, ACTING THROUGH** | § | |
| **ITS NEW YORK BRANCH** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

---

**NATIONAL BANK OF KUWAIT'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

---

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"), by and through its attorneys of record in the above-styled cause, files their Original Answer and Affirmative Defenses to Plaintiff Galleria 2425 Owner LLC's ("Plaintiff") Original Petition, Emergency Application for Temporary Restraining Order and Jury Demand:

## I. GENERAL DENIAL

1. NBK asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests the Court and Jury require Plaintiff to prove its claims, charges, and allegations by a preponderance of the evidence as required by the Constitution and the Laws of the State of Texas.

## II.     AFFIRMATIVE DEFENSES

2.     In addition to the general denial asserted by NBK, NBK further asserts the following affirmative defenses to Plaintiff's claims:

3.     Plaintiff has not suffered any damages.

4.     Plaintiff's claims are barred, in whole or in part, because of a failure to plead its claims with requisite particularity.

5.     Plaintiff's claims have no basis in law or fact and have been asserted in bad faith.

6.     Plaintiff fails to state a claim on which relief can be granted.

7.     NBK would further show, in the alternative, that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injury.

8.     NBK would further show, in the alternative, that Plaintiff's claims are barred against NBK because none of the acts alleged to have been committed by NBK were the proximate cause of Plaintiff's alleged damages.

9.     NBK would further show, in the alternative, that Plaintiff's damages, if any, were the result of acts and/or instrumentalities beyond NBK's control.

10.     NBK would further show, in the alternative, that the occurrence complained of was caused by the conduct of a person or entity over whom NBK had no control or right of control and for whose conduct NBK is not responsible or liable.

11.     NBK would further show, in the alternative, that Plaintiff failed to mitigate its damages as required under applicable law.

12.     NBK further pleads, in the alternative, the affirmative defense of prior material breach.

13.     NBK further pleads, in the alternative, the affirmative defense of unclean hands.

14.     NBK further pleads, in the alternative, the affirmative defense of unconscionability.

15.     NBK further pleads, in the alternative, the affirmative defense of ratification.

16.     NBK further pleads, in the alternative, the affirmative defense of estoppel.

17.     NBK further pleads, in the alternative, that its actions were justified.

18.     NBK further pleads, in the alternative, the affirmative defense of fraud.

### III.    ATTORNEY'S FEES

19**.**     NBK has been forced to incur attorney's fees to investigate and defend Plaintiff's claims that have no basis in fact or law. NBK is entitled to an award of its attorney's fees pursuant to Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and Rule 13 of the Texas Rules of Civil Procedure.

20.     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, NBK alleges that all conditions precedent to its request for attorney's fees have been performed or have occurred.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, National Bank of Kuwait prays the Court to dismiss all of Plaintiff's claims against it with prejudice, deny all relief sought by Plaintiff against National Bank of Kuwait, award National Bank of Kuwait its attorney's fees and costs of this suit, and award National Bank of Kuwait such other and further relief to which it may be justly entitled.

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:     */s/ Charles C. Conrad*
        Charles C. Conrad
        State Bar No. 24040721
        Elizabeth Klingensmith
        State Bar No. 24046496

Unofficial Copy Office of Marilyn Burgess District Clerk

Ryan Steinbrunner
State Bar No. 24093201
909 Fannin, Suite 2000
Houston, Texas 77010-1018
Telephone: (713) 276-7600
Facsimile: (281) 276-7634
charles.conrad@pillsburylaw.com
liz.klingensmith@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

***Attorneys for Defendant National Bank of
Kuwait, S.A.K.P., New York Branch***

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, a true copy of the foregoing was served on counsel of record for all parties in accordance with the Texas Rules of Civil Procedure.

James Q. Pope
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, TX 77036
jamesp@thepopelawfirm.com
*Counsel for Plaintiff Galleria 2425 Owner, LLC*

/s/ *Charles C. Conrad*
Charles C. Conrad

4886-0392-5505.v2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75414824
Filing Code Description: Answer/ Response / Waiver
Filing Description: Original Answer and Affirmative Defenses
Status as of 5/8/2023 3:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/8/2023 2:25:47 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/8/2023 2:25:47 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/8/2023 2:25:47 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/8/2023 2:25:47 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/8/2023 2:25:47 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

5/11/2023 5:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75566682
By: Bonnie Lugo
Filed: 5/11/2023 5:43 PM

### CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendants.** | § | **281ST JUDICIAL DISTRICT** |

### NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL FOR PLAINTIFF

Plaintiff Galleria 2425 Owner LLC files this Notice of Appearance of Additional Counsel.  Robin L. Harrison, a member of the bar of this Court in good standing and a member of the law firm Hicks Thomas LLP, hereby appears as additional counsel for Plaintiff. Contact information for Mr. Harrison is as follows:

> Robin L. Harrison
> HICKS THOMAS LLP
> 700 Louisiana Street, Suite 2300
> Houston, Texas 77002
> Telephone: 713-547-9100
> Facsimile: 713-547-9150
> rharrison@hicks-thomas.com

Plaintiff Galleria 2425 Owner LLC respectfully requests that the Court and all parties include Mr. Harrison on any future notices and copies of pleadings, papers, correspondence, and other materials relevant to this matter.

Respectfully submitted,

By: */s/ Robin L. Harrison*
    Robin L. Harrison
    State Bar No. 09120700
    HICKS THOMAS LLP
    700 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 547-9100 - Telephone
    (713) 547-9150 - Telecopier
    Email:  rharrison@hicks-thomas.com

ATTORNEYS FOR PLAINTIFF
GALLERIA 2425 OWNER LLC

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing on the 11th day of May 2023, pursuant to the Texas Rules of Civil Procedure.

*/s/ Robin L. Harrison*
Robin L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 75566682
Filing Code Description: Notice
Filing Description: Notice of Appearance - Robin Harrison - Galleria 2425 Owner
Status as of 5/12/2023 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/11/2023 5:43:14 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/11/2023 5:43:14 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/11/2023 5:43:14 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/11/2023 5:43:14 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/11/2023 5:43:14 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/11/2023 5:43:14 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/11/2023 5:43:14 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

5/22/2023 5:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75889031
By: DANIELLE JIMENEZ
Filed: 5/22/2023 5:50 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Galleria 2425 Owner LLC ("Plaintiff") files this Motion for Expedited Discovery and respectfully shows the Court as follows:

1.      The Court is familiar with the facts relevant to this case and this motion.  In brief, Plaintiff has filed suit against Defendant National Bank of Kuwait, S.A.K.P., New York Branch, for breach of contract for improperly disclosing the terms of the parties' confidential settlement agreement to third parties in violation of the agreement's confidentiality provisions.  Plaintiff reasonably believes that Defendant's breach has interfered with Plaintiff's efforts to  perform its obligations under the settlement agreement.

2.      Plaintiff has alleged a cause of action for breach of contract and seeks injunctive relief and damages.

3.      When Plaintiff became aware of Defendant's recent communications with third parties, Plaintiff's counsel conferred with Defendant's counsel concerning limited, expedited document discovery concerning Defendant's third party contacts.  On Friday, May 12, 2023, Plaintiff provided Plaintiff's counsel a list of four categories of documents that they seek.  *See*

Exhibit A, attached hereto.[1]  On Wednesday, May 17, 2023, Defendant's counsel responded that it is opposed to any expedited discovery.

4.      Time is of the essence with respect to the discovery that Plaintiff seeks as, again, the Court is aware.  Therefore, Plaintiff requests and Order granting this motion for expedited discovery and, further, ordering Defendant to produce the documents described in the list of four categories  provided by Plaintiff's counsel to Defendant's counsel no later than Friday, June 2, 2023, and providing for such other relief to which Plaintiff may be entitled.

Respectfully submitted,

By:  */s/ Robin L. Harrison*
        Robin L. Harrison
        State Bar No. 09120700
        HICKS THOMAS LLP
        700 Louisiana Street, Suite 2300
        Houston, Texas 77002
        (713) 547-9100 - Telephone
        (713) 547-9150 - Telecopier
        Email:  rharrison@hicks-thomas.com

        James Q. Pope
        State Bar No. 24048738
        The Pope Law Firm
        6161 Savoy Drive, Suite 1125
        Houston, Texas 77036
        713-449-4481 - Telephone
        281-657-9693 - Telecopier
        Email:  jamesp@thepopelawfirm.com

ATTORNEYS FOR PLAINTIFF
GALLERIA 2425 OWNER LLC

---

[1] The list of four requests for production is not included in Exhibit A because of confidentiality, but will be provided to the Court *in camera*.

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the Defendant concerning the relief requested by this motion and am advised that Defendant opposes this request.

_/s/ Robin L. Harrison_
Robin L. Harrison

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing on the 22nd day of May 2023, pursuant to the Texas Rules of Civil Procedure.

_/s/ Robin L. Harrison_
Robin L. Harrison

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 75889031
Filing Code Description: Motion (No Fee)
Filing Description: Motion for Expedited Discovery
Status as of 5/23/2023 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/22/2023 5:50:59 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/22/2023 5:50:59 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/22/2023 5:50:59 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |

# HICKS THOMAS LLP
### A REGISTERED LIMITED LIABILITY PARTNERSHIP

ATTORNEYS

700 LOUISIANA

SUITE 2300

HOUSTON, TEXAS 77002

**ROBIN L. HARRISON**
713·547·9179

TELEPHONE (713) 547·9100

FACSIMILE  (713) 547·9150

E-MAIL ADDRESS
RHARRISON@HICKS-THOMAS.COM

May 12, 2023

Mr. Charles C. Conrad
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX  77010-1018

Re:   Cause No. 2023-22748; *Galleria 2425 Owner LLC v. National Bank of Kuwait, S.A.K.P., New York Branch* in the 281st Judicial District Court of Harris County, Texas

Dear Charles:

This is to follow up on our conversation this morning.  As we discussed, Galleria 2425 Owner, LLC would like to obtain limited document discovery from National Bank of Kuwait on an expedited basis.  The discovery that we intend to seek is described in the attachment to this letter.  I suggest that Galleria 2425 would serve these requests on you for the Bank no later than Tuesday, May 16, 2023 and that the Bank's response and document production would be due after 15 days, May 31, 2023.

Please give me a call by early next week so we can discuss these requests and whether the Bank will agree to the discovery schedule proposed.  We would also be happy to discuss the scope of the document requests if you have any concerns, in order to limit any objections to the requests.

Very truly yours,

Robin L. Harrison

Attachment

{00341755.DOCX}



5/22/2023 5:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75889031
By: DANIELLE JIMENEZ
Filed: 5/22/2023 5:50 PM

### CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

### <u>ORDER FOR EXPEDITED DISCOVERY</u>

The Court has considered Plaintiff's Motion for Expedited Discovery and Defendant's response thereto and hereby grants Plaintiff's motion as follows:

It is ORDERED that Defendant National Bank of Kuwait, S.A.K.P, New York Branch, shall produce the documents called for by Plaintiff's counsel's May 12. 2023 letter to Defendant's counsel, subject to appropriate objections based on privilege. Documents withheld on the basis of privilege shall be listed in an appropriate privilege log. The documents to be produced and the privileged documents log, if any, shall be provided to counsel for Plaintiff on or before Friday, June 2, 2023, at 5:00 PM.

_____
PRESIDING JUDGE

{00342366.DOCX}

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 75889031
Filing Code Description: Motion (No Fee)
Filing Description: Motion for Expedited Discovery
Status as of 5/23/2023 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/22/2023 5:50:59 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/22/2023 5:50:59 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/22/2023 5:50:59 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/22/2023 5:50:59 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

5/22/2023 5:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75889086
By: DANIELLE JIMENEZ
Filed: 5/22/2023 5:52 PM

CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

## REQUEST FOR EMERGENCY HEARING ON PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Galleria 2425 Owner LLC has filed a motion for limited, expedited discovery contemporaneously with this request for an expedited hearing. Because time is of the essence with respect to the relief sought by Plaintiff herein and the potential consequences of delay, Plaintiff respectfully asks the Court to set its motion for expedited discovery for hearing at the earliest convenient time that the Court has available.

Respectfully submitted,

By: */s/ Robin L. Harrison*
    Robin L. Harrison
    State Bar No. 09120700
    HICKS THOMAS LLP
    700 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 547-9100 - Telephone
    (713) 547-9150 - Telecopier
    Email: rharrison@hicks-thomas.com

{00342361.DOCX}

James Q. Pope
State Bar No. 24048738
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
713-449-4481 - Telephone
281-657-9693 - Telecopier
Email: jamesp@thepopelawfirm.com

ATTORNEYS FOR PLAINTIFF
GALLERIA 2425 OWNER LLC

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the Defendant concerning this request for an expedited hearing and am advised that Defendant opposes this request.

*/s/ Robin L. Harrison*
Robin L. Harrison

## CERTIFICATE OF SERVICE

I certify that all counsel of record are being served with a copy of this instrument on the 22nd day of May 2023, pursuant to the Texas Rules of Civil Procedure.

*/s/ Robin L. Harrison*
Robin L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 75889086
Filing Code Description: Request
Filing Description: Request for Hearing - Motion for Expedited Discovery
Status as of 5/23/2023 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/22/2023 5:52:33 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/22/2023 5:52:33 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/22/2023 5:52:33 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/22/2023 5:52:33 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/22/2023 5:52:33 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/22/2023 5:52:33 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/22/2023 5:52:33 PM | SENT |

5/23/2023 4:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75932601
By: Bonnie Lugo
Filed: 5/23/2023 4:37 PM

# HICKS THOMAS LLP

A REGISTERED LIMITED LIABILITY PARTNERSHIP

2300 TC ENERGY TOWER
700 LOUISIANA STREET
HOUSTON, TEXAS 77002

**ROBIN L. HARRISON**
713.547.9179

TELEPHONE:  713.547.9100
FACSIMILE:  713.547.9150

E-MAIL  ADDRESS
RHARRISON@HICKS-THOMAS.COM

May 23, 2023

Honorable Christine Weems
District Judge
281st Judicial District Court
201 Caroline, 14th Floor
Houston, Texas  77002

Re:   Cause No. 2023-22748; *Galleria 2425 Owner LLC v. National Bank of Kuwait, S.A.K.P., New York Branch* in the 281st Judicial District Court of Harris County, Texas

Dear Judge Weems:

Yesterday, Plaintiff Galleria 2425 Owner LLC filed a motion for expedited discovery in the referenced matter and a request for emergency hearing on the motion.  As the Court is aware, Plaintiff's suit alleges claims for breach of contract by Defendant National Bank of Kuwait S.A.K.P., New York Branch, for improperly disclosing the terms of the parties' confidential settlement agreement to third parties.  Plaintiff believes that Defendant's breaches have interfered with its efforts to perform its obligations under the settlement agreement.  Plaintiff seeks injunctive relief and, alternatively, damages arising out of this violation of the settlement agreement.

On Friday, May 12, 2023, Plaintiff provided Defendant's counsel a list of four categories of documents that they seek to be produced by Defendant.  We will deliver a copy of that letter and the list of documents requested to the Court *in camera*.  On May 17, Defendant's counsel responded that it is opposed to any expedited discovery.

Because of certain approaching deadlines of which the Court also is aware, time is of the essence with respect to the discovery that Plaintiff seeks.  Therefore, we request that the Court schedule an emergency hearing on Plaintiff's motion for expedited discovery at the Court's earliest convenience.

Thank you for your attention to this matter.

Very truly yours,

Robin L. Harrison

{00342440.DOCX}

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 75932601
Filing Code Description: No Fee Documents
Filing Description: Letter to Hon. Christine Weems - Request for Emergency Hearing
Status as of 5/23/2023 5:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/23/2023 4:37:57 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/23/2023 4:37:57 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/23/2023 4:37:57 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/23/2023 4:37:57 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/23/2023 4:37:57 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/23/2023 4:37:57 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/23/2023 4:37:57 PM | SENT |

5/24/2023 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75951213
By: Patricia Gonzalez
Filed: 5/24/2023 10:53 AM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC,<br>　　Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HARRIS COUNTY, TEXAS |
| NATIONAL BANK OF KUWAIT,<br>S.A.K.P., NEW YORK BRANCH, | § § § § § | |
| 　　Defendant. | § | 281ST JUDICIAL DISTRICT |

**NATIONAL BANK OF KUWAIT'S RESPONSE TO
GALLERIA 2425 OWNER, LLC'S MOTION FOR EXPEDITED DISCOVERY
AND NATIONAL BANK OF KUWAIT'S MOTION FOR SANCTIONS**

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") files their Response to Galleria 2425 Owner, LLC's ("Borrower") Motion for Expedited Discovery and, separately, NBK's Motion for Sanctions, respectfully showing as follows:

Borrower has manufactured incredibly spurious allegations against NBK in this most recent petition and application for temporary restraining order (the "TRO") – which has been filed for the singular purpose of ostensibly obtaining "more time" thereby preventing NBK from exercising its rights to foreclose on the Property. Borrower, specifically, makes the allegation that some unidentified person at NBK disclosed unspecified details of the parties' Confidential Settlement Agreement (the "Settlement Agreement") to an unnamed third-party and that this disclosure prevented Borrower from honoring its contractual obligations owed to NBK.  Due to this alleged breach of the Settlement Agreement, Borrower seeks injunctive relief, or alternatively damages.

To start, these allegations are complete nonsense as NBK has no incentive for Borrower to default on its obligations to perform under the Settlement Agreement.  Further, this conduct of the Borrower is a complete afront to the Court's prior ruling, and it should not be tolerated. This Court has previously rendered the Borrower's request for the TRO moot and, in doing so, also warned

Borrower that any more TROs or filings related to the Settlement Agreement will result in the award of NBK's attorney fees, stating:

> **And I will say this. If there are other filings relating to this issue of the settlement agreement, like the resolution of this issue and the foreclosure, we may start talking about fees.... I'll say it out loud. We're going to talk about sanctions for the cost of everybody's time.**
> **\*\*\***
> **On the record, there will not be any TROs to enjoin the foreclosure. Any TRO you try to file is going to end up in front of me, and I know the whole history of this case.**

Yet, despite the Court's clear warning, Borrower is again concocting reasons for delay. Borrower, specifically, now seeks "expedited discovery" regarding the recent, unsolicited contacts NBK has received related to the Property's previous notice of foreclosure (which, as the Court knows, was a public filing). While Borrower's most recent motion does not actually state why it needs this discovery or how these unsolicited contacts have anything to do with this lawsuit, counsel for Borrower has all but admitted to NBK's counsel that this is a fishing expedition seeking to find some basis to file yet another TRO.[1] The Court should deny this motion and award NBK its costs in having to respond to (and argue against) yet another frivolous motion.

First and foremost, none of the discovery sought has anything to do with Borrower's lawsuit that, according to Borrower, stems solely from NBK's alleged contacts with a single, unnamed person (the details of which, as the Court knows, are completely unsupported). Moreover, and in any event, NBK already made Borrower aware of these recent unsolicited contacts, has voluntarily provided Borrower's counsel with these contacts, and has also informed Borrower's counsel that NBK has made no attempt, and has no intention, to engage in any discussion with these parties as it relates to purchasing the Property.

---

[1]  Moreover, when attempting to "confer" with NBK regarding the filing of this motion, Borrower's counsel refused to tell NBK's counsel why it needed the discovery on an "expedited basis." Indeed, when NBK's counsel asked this question, Borrower's counsel merely responded with "I will put you down as opposed."

4858-5404-2982.v1

Equally, if not more importantly, this entire lawsuit should be dismissed (and there should be no further discovery or expenses incurred) because the sole "damage" resulting from NBK's alleged "misconduct" (though there has been none) has already been resolved by the Court. That is, this lawsuit has been rendered moot. Thus, the only thing this current motion seeks to accomplish is to provide some basis, no matter how contrived, for Borrower to elongate this lawsuit (despite how ridiculous it may be) even further. For this reason alone, Borrower's motion must be denied.

## CONCLUSION

NBK, as it has repeatedly stated, wants nothing more than for this litigation to resolved – either by Borrower fulfilling its obligations owed to NBK, or by the Court enforcing NBK's rights under the various agreements Borrower has breached, and continues to breach. But regardless of how this resolution is reached, NBK should not be forced to continuously respond to Borrower's completely fabricated claims. Nor should NBK be forced to incur the costs associated with responding to Borrower's antics, like the present motion, at each and every turn. For these reasons, NBK respectfully requests the Court to deny the motion, award NBK its costs and fees associated with responding to the motion, and to award NBK any further relief that it deems necessary to ensure that the Court's previous directions to Borrower are actually obeyed.

## PRAYER

For the foregoing reasons, NBK respectfully requests that the Court deny Borrower's Motion, to award NBK its costs and fees, and to for all other relief to which NBK has shown itself entitled.

4858-5404-2982.v1

Dated: May 24, 2023

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:    */s/ Charles Conrad*

Charles C. Conrad
State Bar No. 24040721
Elizabeth Klingensmith
State Bar No. 24046496
Ryan Steinbrunner
State Bar No. 24093201
Two Houston Center
909 Fannin, Suite 2000
Houston, Texas 77010-1018
Telephone: (713) 276-7600
Facsimile: (281) 276-7634
charles.conrad@pillsburylaw.com
liz.klingensmith@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

*Attorneys for National Bank of Kuwait, S.A.K.P.,
New York Branch*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, a true copy of the foregoing was served on counsel of record for all parties in accordance with the Texas Rules of Civil Procedure, including:

Robin L. Harrison
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, TX 77002
rharrison@hick-thomas.com
*Counsel for Plaintiff Galleria 2425
Owner, LLC*

James Q. Pope
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, TX 77036
jamesp@thepopelawfirm.com
*Counsel for Plaintiff Galleria 2425
Owner, LLC*

/s/ *Charles C. Conrad*
Charles C. Conrad

4

4858-5404-2982.v1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75951213
Filing Code Description: No Fee Documents
Filing Description: NBK's Response to Galleria's Motion for Expedited Discovery
Status as of 5/24/2023 1:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robin Harrison | | rharrison@hicks-thomas.com | 5/24/2023 10:53:45 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/24/2023 10:53:45 AM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/24/2023 10:53:45 AM | SENT |

5/24/2023 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75951213
By: Patricia Gonzalez
Filed: 5/24/2023 10:53 AM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC,<br>        Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL BANK OF KUWAIT,<br>S.A.K.P., NEW YORK BRANCH, | § | |
| | § | |
| Defendant. | § | 281ST JUDICIAL DISTRICT |

### ORDER ON MOTION FOR EXPEDITED DISCOVERY AND
### ORDER ON NATIONAL BANK OF KUWAIT'S MOTION FOR SANCTIONS

ON THIS THE _____ day of _____, 2023, the Court considered Plaintiff, Galleria 2425 Owner, LLC's ("Borrower") Motion for Expedited Discovery and Defendant, National Bank of Kuwait, S.A.K.P.'s ("NBK") Response and Motion for Sanctions. The Court, having considered the Borrower's and NBK's respective motions, the response(s) and reply(ies) (if any), the arguments of counsel (if any), and the pleadings on file, has determined that Borrower's Motion for Expedited Discovery is without merit and should be denied and NBK's Motion for Sanctions should be granted.

**THEREFORE**, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    The Motion for Expedited Discovery is **DENIED**.

2.    The Motion for Sanctions is **GRANTED**.

3.    Borrower shall pay to NBK its costs and fees associated with responding to, and arguing, the Motion in the amount of $_____.  Said funds are to be paid directly to NBK's counsel within three (3) business days from the date this order is signed.

SIGNED this the _____ day of _____, 2023.


_____
HONORABLE JUDGE PRESIDING

**RESPECTFULLY SUBMITTED:**


By: ___/s/ Charles C. Conrad_____
      Charles C. Conrad
      State Bar No. 24040721
      Elizabeth Klingensmith
      State Bar No. 24046496
      Ryan Steinbrunner
      State Bar No. 24093201
      Two Houston Center
      909 Fannin, Suite 2000
      Houston, Texas 77010-1018
      Telephone: (713) 276-7600
      Facsimile: (281) 276-7634
      charles.conrad@pillsburylaw.com
      liz.klingensmith@pillsburylaw.com
      ryan.steinbrunner@pillsburylaw.com

***Attorneys for Defendant National Bank of Kuwait,***
***S.A.K.P., New York Branch***

Unofficial Copy Office of Marilyn Burgess District Clerk

4886-9961-0214.v2

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75951213
Filing Code Description: No Fee Documents
Filing Description: NBK's Response to Galleria's Motion for Expedited Discovery
Status as of 5/24/2023 1:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/24/2023 10:53:45 AM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/24/2023 10:53:45 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/24/2023 10:53:45 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/24/2023 10:53:45 AM | SENT |

5/24/2023 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75951619
By: Patricia Gonzalez
Filed: 5/24/2023 10:59 AM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL BANK OF KUWAIT, | § | |
| S.A.K.P., NEW YORK BRANCH, | § | |
| | § | |
|     Defendant. | § | 281ST JUDICIAL DISTRICT |

**NATIONAL BANK OF KUWAIT'S RESPONSE TO
GALLERIA 2425 OWNER, LLC'S MOTION FOR EXPEDITED DISCOVERY
AND NATIONAL BANK OF KUWAIT'S MOTION FOR SANCTIONS**

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") files their Response to Galleria 2425 Owner, LLC's ("Borrower") Motion for Expedited Discovery and, separately, NBK's Motion for Sanctions, respectfully showing as follows:

Borrower has manufactured incredibly spurious allegations against NBK in this most recent petition and application for temporary restraining order (the "TRO") – which has been filed for the singular purpose of ostensibly obtaining "more time" thereby preventing NBK from exercising its rights to foreclose on the Property. Borrower, specifically, makes the allegation that some unidentified person at NBK disclosed unspecified details of the parties' Confidential Settlement Agreement (the "Settlement Agreement") to an unnamed third-party and that this disclosure prevented Borrower from honoring its contractual obligations <u>owed to NBK</u>. Due to this alleged breach of the Settlement Agreement, Borrower seeks injunctive relief, or alternatively damages.

To start, these allegations are complete nonsense as NBK has no incentive for Borrower to default on its obligations to perform under the Settlement Agreement. Further, this conduct of the Borrower is a complete afront to the Court's prior ruling, and it should not be tolerated. This Court has previously rendered the Borrower's request for the TRO moot and, in doing so, also warned

Borrower that any more TROs or filings related to the Settlement Agreement will result in the award of NBK's attorney fees, stating:

> **And I will say this. If there are other filings relating to this issue of the settlement agreement, like the resolution of this issue and the foreclosure, we may start talking about fees.... I'll say it out loud. We're going to talk about sanctions for the cost of everybody's time.**
> **\*\*\***
> **On the record, there will not be any TROs to enjoin the foreclosure. Any TRO you try to file is going to end up in front of me, and I know the whole history of this case.**

Yet, despite the Court's clear warning, Borrower is again concocting reasons for delay. Borrower, specifically, now seeks "expedited discovery" regarding the recent, unsolicited contacts NBK has received related to the Property's previous notice of foreclosure (which, as the Court knows, was a public filing). While Borrower's most recent motion does not actually state why it needs this discovery or how these unsolicited contacts have anything to do with this lawsuit, counsel for Borrower has all but admitted to NBK's counsel that this is a fishing expedition seeking to find some basis to file yet another TRO.[1] The Court should deny this motion and award NBK its costs in having to respond to (and argue against) yet another frivolous motion.

First and foremost, none of the discovery sought has anything to do with Borrower's lawsuit that, according to Borrower, stems solely from NBK's alleged contacts with a single, unnamed person (the details of which, as the Court knows, are completely unsupported). Moreover, and in any event, NBK already made Borrower aware of these recent unsolicited contacts, has voluntarily provided Borrower's counsel with these contacts, and has also informed Borrower's counsel that NBK has made no attempt, and has no intention, to engage in any discussion with these parties as it relates to purchasing the Property.

---

[1] Moreover, when attempting to "confer" with NBK regarding the filing of this motion, Borrower's counsel refused to tell NBK's counsel why it needed the discovery on an "expedited basis." Indeed, when NBK's counsel asked this question, Borrower's counsel merely responded with "I will put you down as opposed."

4858-5404-2982.v1

Equally, if not more importantly, this entire lawsuit should be dismissed (and there should be no further discovery or expenses incurred) because the sole "damage" resulting from NBK's alleged "misconduct" (though there has been none) has already been resolved by the Court. That is, this lawsuit has been rendered moot. Thus, the only thing this current motion seeks to accomplish is to provide some basis, no matter how contrived, for Borrower to elongate this lawsuit (despite how ridiculous it may be) even further. For this reason alone, Borrower's motion must be denied.

## CONCLUSION

NBK, as it has repeatedly stated, wants nothing more than for this litigation to resolved – either by Borrower fulfilling its obligations owed to NBK, or by the Court enforcing NBK's rights under the various agreements Borrower has breached, and continues to breach. But regardless of how this resolution is reached, NBK should not be forced to continuously respond to Borrower's completely fabricated claims. Nor should NBK be forced to incur the costs associated with responding to Borrower's antics, like the present motion, at each and every turn. For these reasons, NBK respectfully requests the Court to deny the motion, award NBK its costs and fees associated with responding to the motion, and to award NBK any further relief that it deems necessary to ensure that the Court's previous directions to Borrower are actually obeyed.

## PRAYER

For the foregoing reasons, NBK respectfully requests that the Court deny Borrower's Motion, to award NBK its costs and fees, and to for all other relief to which NBK has shown itself entitled.

3

Dated: May 24, 2023

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:  */s/ Charles Conrad*

Charles C. Conrad
State Bar No. 24040721
Elizabeth Klingensmith
State Bar No. 24046496
Ryan Steinbrunner
State Bar No. 24093201
Two Houston Center
909 Fannin, Suite 2000
Houston, Texas 77010-1018
Telephone: (713) 276-7600
Facsimile: (281) 276-7634
charles.conrad@pillsburylaw.com
liz.klingensmith@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

*Attorneys for National Bank of Kuwait, S.A.K.P., New York Branch*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, a true copy of the foregoing was served on counsel of record for all parties in accordance with the Texas Rules of Civil Procedure, including:

Robin L. Harrison
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, TX 77002
rharrison@hick-thomas.com
*Counsel for Plaintiff Galleria 2425 Owner, LLC*

James Q. Pope
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, TX 77036
jamesp@thepopelawfirm.com
*Counsel for Plaintiff Galleria 2425 Owner, LLC*

/s/ *Charles C. Conrad*
Charles C. Conrad

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75951619
Filing Code Description: Motion (No Fee)
Filing Description: NBK's Motion for Sanctions
Status as of 5/24/2023 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robin Harrison | | rharrison@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/24/2023 10:59:06 AM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

5/24/2023 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75951619
By: Patricia Gonzalez
Filed: 5/24/2023 10:59 AM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC, | § | IN THE DISTRICT COURT OF |
|    Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL BANK OF KUWAIT, | § | |
| S.A.K.P., NEW YORK BRANCH, | § | |
| | § | |
|    Defendant. | § | 281ST JUDICIAL DISTRICT |

### ORDER ON MOTION FOR EXPEDITED DISCOVERY AND
### ORDER ON NATIONAL BANK OF KUWAIT'S MOTION FOR SANCTIONS

ON THIS THE _____ day of _____, 2023, the Court considered Plaintiff, Galleria 2425 Owner, LLC's ("Borrower") Motion for Expedited Discovery and Defendant, National Bank of Kuwait, S.A.K.P.'s ("NBK") Response and Motion for Sanctions. The Court, having considered the Borrower's and NBK's respective motions, the response(s) and reply(ies) (if any), the arguments of counsel (if any), and the pleadings on file, has determined that Borrower's Motion for Expedited Discovery is without merit and should be denied and NBK's Motion for Sanctions should be granted.

**THEREFORE**, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.    The Motion for Expedited Discovery is **DENIED**.

2.    The Motion for Sanctions is **GRANTED**.

3.    Borrower shall pay to NBK its costs and fees associated with responding to, and arguing, the Motion in the amount of $_____. Said funds are to be paid directly to NBK's counsel within three (3) business days from the date this order is signed.

SIGNED this the _____ day of _____, 2023.

_____
HONORABLE JUDGE PRESIDING

**RESPECTFULLY SUBMITTED:**

By:___*/s/ Charles C. Conrad*_____
      Charles C. Conrad
      State Bar No. 24040721
      Elizabeth Klingensmith
      State Bar No. 24046496
      Ryan Steinbrunner
      State Bar No. 24093201
      Two Houston Center
      909 Fannin, Suite 2000
      Houston, Texas 77010-1018
      Telephone: (713) 276-7600
      Facsimile: (281) 276-7634
      charles.conrad@pillsburylaw.com
      liz.klingensmith@pillsburylaw.com
      ryan.steinbrunner@pillsburylaw.com

***Attorneys for Defendant National Bank of Kuwait, S.A.K.P., New York Branch***

Unofficial Copy Office of Marilyn Burgess District Clerk

4886-9961-0214.v2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75951619
Filing Code Description: Motion (No Fee)
Filing Description: NBK's Motion for Sanctions
Status as of 5/24/2023 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/24/2023 10:59:06 AM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |

5/25/2023 5:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76026526
By: Bonnie Lugo
Filed: 5/25/2023 5:30 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

## <u>NOTICE OF HEARING</u>

Please take notice that Plaintiff's Motion for Expedited Discovery will be considered by the Court at remote oral hearing on Friday, May 26, 2023, at 10:30 a.m. The Zoom link information for the hearing is:

Join Zoom Meeting
https://justex.zoom.us/j/89883277363

Meeting ID: 898 8327 7363
One tap mobile
+13462487799, 89883277363# US (Houston)

Dial by your location
+1 346 248 7799 US (Houston)
Meeting ID: 898 8327 7363
Find your local number: https://justex.zoom.us/u/kbWXxYwn2

Join by SIP
89883277363@zoomcrc.com

Join by Skype for Business
https://justex.zoom.us/skype/89883277363

Respectfully submitted,

By: */s/ Robin L. Harrison*
    Robin L. Harrison
    State Bar No. 09120700
    HICKS THOMAS LLP
    700 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 547-9100 - Telephone
    (713) 547-9150 - Telecopier
    Email:  rharrison@hicks-thomas.com

    James Q. Pope
    State Bar No. 24048738
    The Pope Law Firm
    6161 Savoy Drive, Suite 1125
    Houston, Texas 77036
    713-449-4481 - Telephone
    281-657-9693 - Telecopier
    Email:  jamesp@thepopelawfirm.com

    ATTORNEYS FOR PLAINTIFF
    GALLERIA 2425 OWNER LLC

## CERTIFICATE OF SERVICE

    I certify that all counsel of record have been served with a copy of the foregoing instrument on the 25th day of May 2023, pursuant to the Texas Rules of Civil Procedure.

        */s/ Robin L. Harrison*
        Robin L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Guerrero on behalf of Robin Harrison
Bar No. 9120700
aguerrero@hicks-thomas.com
Envelope ID: 76026526
Filing Code Description: Notice
Filing Description: Notice of Hearing
Status as of 5/26/2023 8:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 5/25/2023 5:30:34 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/25/2023 5:30:34 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/25/2023 5:30:34 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/25/2023 5:30:34 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/25/2023 5:30:34 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/25/2023 5:30:34 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/25/2023 5:30:34 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

5/24/2023 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75951619
By: Patricia Gonzalez
Filed: 5/24/2023 10:59 AM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC,** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

### ORDER ON MOTION FOR EXPEDITED DISCOVERY AND
### ORDER ON NATIONAL BANK OF KUWAIT'S MOTION FOR SANCTIONS

ON THIS THE ____ day of _____, 2023, the Court considered Plaintiff, Galleria 2425 Owner, LLC's ("Borrower") Motion for Expedited Discovery and Defendant, National Bank of Kuwait, S.A.K.P.'s ("NBK") Response and Motion for Sanctions. The Court, having considered the Borrower's and NBK's respective motions, the response(s) and reply(ies) (if any), the arguments of counsel (if any), and the pleadings on file, has determined that Borrower's Motion for Expedited Discovery is without merit and should be denied ~~and NBK's Motion for Sanctions should be granted~~.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.     The Motion for Expedited Discovery is **DENIED**.

2.     ~~The Motion for Sanctions is **GRANTED**.~~

3.     ~~Borrower shall pay to NBK its costs and fees associated with responding to, and arguing, the Motion in the amount of $_____. Said funds are to be paid directly to NBK's counsel within three (3) business days from the date this order is signed.~~

4886-9961-0214.v2

SIGNED this the _____ day of _____, 2023.

Signed:
5/26/2023

_____
HONORABLE JUDGE PRESIDING

**RESPECTFULLY SUBMITTED:**

By: ___/s/ Charles C. Conrad___
       Charles C. Conrad
       State Bar No. 24040721
       Elizabeth Klingensmith
       State Bar No. 24046496
       Ryan Steinbrunner
       State Bar No. 24093201
       Two Houston Center
       909 Fannin, Suite 2000
       Houston, Texas 77010-1018
       Telephone: (713) 276-7600
       Facsimile: (281) 276-7634
       charles.conrad@pillsburylaw.com
       liz.klingensmith@pillsburylaw.com
       ryan.steinbrunner@pillsburylaw.com

*Attorneys for Defendant National Bank of Kuwait,*
*S.A.K.P., New York Branch*

Unofficial Copy Office of Marilyn Burgess District Clerk

4886-9961-0214.v2

### Automated Certificate of eService
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Nancy Jones on behalf of Charles Conrad
Bar No. 24040721
nancy.jones@pillsburylaw.com
Envelope ID: 75951619
Filing Code Description: Motion (No Fee)
Filing Description: NBK's Motion for Sanctions
Status as of 5/24/2023 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles Conrad | | charles.conrad@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 5/24/2023 10:59:06 AM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 5/24/2023 10:59:06 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 5/24/2023 10:59:06 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

6/5/2023 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76301587
By: Bonnie Lugo
Filed: 6/5/2023 4:02 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

## NOTICE OF STATUS CONFERENCE HEARING

Please take notice that a status conference will be held in this case on June 7, 2023, beginning at 8:30 a.m. in the 281st Judicial District Court of Harris County, Texas, 201 Caroline Street, 14th Floor, Houston, Texas, 77002.

Respectfully submitted,

By: */s/ Robin L. Harrison*

Robin L. Harrison
State Bar No. 09120700
HICKS THOMAS LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 547-9100 - Telephone
(713) 547-9150 - Telecopier
Email: rharrison@hicks-thomas.com

James Q. Pope
State Bar No. 24048738
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
713-449-4481 - Telephone
281-657-9693 - Telecopier
Email: jamesp@thepopelawfirm.com

ATTORNEYS FOR PLAINTIFF
GALLERIA 2425 OWNER LLC

{00343101.DOCX}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2023, a true and correct copy of the foregoing instrument was served on counsel of record for all parties in accordance with the Texas Rules of Civil Procedure.

Charles C. Conrad
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX  77010-1018

*/s/ Robin L. Harrison*
Robin L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 76301587
Filing Code Description: No Fee Documents
Filing Description: Notice of Status Conference
Status as of 6/5/2023 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 6/5/2023 4:02:41 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 6/5/2023 4:02:41 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 6/5/2023 4:02:41 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 6/5/2023 4:02:41 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 6/5/2023 4:02:41 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 6/5/2023 4:02:41 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 6/5/2023 4:02:41 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

6/5/2023 4:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76302310
By: Patricia Gonzalez
Filed: 6/5/2023 4:10 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

## NOTICE OF STATUS CONFERENCE HEARING

Please take notice that a status conference will be held in this case on June 7, 2023, beginning at 9:30 a.m. in the 281st Judicial District Court of Harris County, Texas, 201 Caroline Street, 14th Floor, Houston, Texas, 77002.

Respectfully submitted,

By: */s/ Robin L. Harrison*

Robin L. Harrison
State Bar No. 09120700
HICKS THOMAS LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 547-9100 - Telephone
(713) 547-9150 - Telecopier
Email: rharrison@hicks-thomas.com

James Q. Pope
State Bar No. 24048738
The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
713-449-4481 - Telephone
281-657-9693 - Telecopier
Email: jamesp@thepopelawfirm.com

ATTORNEYS FOR PLAINTIFF
GALLERIA 2425 OWNER LLC

{00343121.DOCX}

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, a true and correct copy of the foregoing instrument was served on counsel of record for all parties in accordance with the Texas Rules of Civil Procedure.

Charles C. Conrad
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX  77010-1018

*/s/ Robin L. Harrison*
Robin L. Harrison

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Marlowe on behalf of Robin Harrison
Bar No. 9120700
jmarlowe@hicks-thomas.com
Envelope ID: 76302310
Filing Code Description: Notice
Filing Description: Amended Notice of Status Conference
Status as of 6/6/2023 8:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 6/5/2023 4:10:16 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 6/5/2023 4:10:16 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 6/5/2023 4:10:16 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 6/5/2023 4:10:16 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 6/5/2023 4:10:16 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 6/5/2023 4:10:16 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 6/5/2023 4:10:16 PM | SENT |

6/9/2023 5:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76487919
By: Bonnie Lugo
Filed: 6/9/2023 5:39 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL BANK OF KUWAIT, | § | |
| S.A.K.P., NEW YORK BRANCH, | § | |
| | § | |
| Defendant. | § | 281ST JUDICIAL DISTRICT |

### NATIONAL BANK OF KUWAIT'S
### MOTION TO DISMISS
### OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT

Pursuant to Texas Rule of Civil Procedure 91a, National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") files this, its Motion to Dismiss Galleria 2425 Owner, LLC's ("Borrower") Original Petition (the "Complaint") or, in the Alternative, its Motion for Summary Judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, and would respectfully show the Court as follows:

## I.
## SUMMARY OF MOTION

This lawsuit was not filed with even an ounce of legal or factual merit. It was, instead, manufactured for the singular purpose of obtaining more time for Borrower to comply with the parties' Confidential Settlement Agreement (the "Settlement Agreement"), thereby preventing NBK from exercising its rights to foreclose on the Property after declaring the Borrower in default.

But the Borrower's allegations are not just meritless, they are complete nonsense. The Borrower, specifically, alleges that some unidentified person at NBK disclosed unspecified details of the Settlement Agreement to an unnamed third-party at some unknown time and that this disclosure somehow prevented Borrower from honoring its contractual obligations <u>owed to NBK</u>.

Even if this head-scratcher of a claim were taken as true, Borrower also does not plead any damages, nor could any possibly exist. In other words, there is simply nothing in the Complaint to support a basis to impose liability on NBK. Rule 91a was enacted to apply to cases just like this one, where claims are asserted that have no basis in law or fact. For these reasons, this case should be dismissed.

Moreover, and in any event, even if the Court determined that there was some rationale not to dismiss the Complaint on 91a grounds, and there is not, Borrower has represented to the Court that the only relief sought was additional time to comply with the Settlement Agreement, and that this alone would allow the Borrower to recover from whatever damage (which is unknown) that it suffered for whatever breach (which is also unknown) that allegedly occurred. The Court, taking the Borrower's statements as true, mooted this entire lawsuit and gave the Borrower the time it requested. That is, the only alleged "dispute" underlying this lawsuit no longer exists. The Court should now summarily dismiss the Complaint as moot before more judicial resources are wasted.

## II.
## BACKGROUND

A.    **The Borrower Files a Lawsuit against NBK to Prevent Foreclosure of the Property in 2021.**

1.    As the Court is well aware, NBK made a $51.6 million loan (the "Loan") to the Borrower in March of 2018. This Loan was made pursuant to a Loan Agreement (the "Loan Agreement"), Promissory Note (the "Note"), and a Deed of Trust (the "Deed of Trust") (together the "Loan Documents") secured by a commercial building located at 2425 West Loop South, Houston, Texas 77027 (the "Property").

2.    But the Borrower defaulted on the Loan in April 2021. NBK, as the holder of the Note, then exercised its right to accelerate the maturity of the debt and to commence foreclosure

2

of the Property in July 2021. The Borrower then filed a lawsuit on September 29, 2021 in this Court and obtained a temporary injunction order preventing foreclosure on March 30, 2022 (the "TI Order").

3.      On August 22, 2022, the parties entered into the Settlement Agreement and, in accordance with that document, the Borrower filed a notice of nonsuit as to all of its claims against NBK with prejudice and moved to permanently dissolve the TI Order. On September 1, 2022, NBK filed its Motion to Abate NBK's Counterclaims ("Motion to Abate"). On September 6, 2022, the Court entered an order granting the Motion to Abate (the "Stay Order").

**B.      After Defaulting on the Settlement Agreement, the Borrower then filed this Lawsuit, a Second TRO, seeking to Prevent NBK from Foreclosing on the Property.**

4.      As the Court also knows, the Borrower has not fulfilled its obligations under the Settlement Agreement and, on March 28, 2023, NBK moved to lift the Stay Order and to appoint a receiver over the subject Property until it could be sold at public auction.

5.      But the day before NBK's hearing on its lift stay and receivership application could be heard, Borrower filed this second TRO (under a different cause number and in a different court) seeking to prevent this Court from appointing a receiver over the Property and to stop the impending foreclosure. This lawsuit was ultimately transferred to this Court on April 11, 2023.

**C.      Borrower's Allegations are Nonsensical and yet the only Relief Sought is More Time to Comply with the Settlement Agreement.**

6.      The Borrower asserts incredibly spurious allegations against NBK for the singular purpose of ostensibly obtaining more time thereby preventing NBK from exercising its rights to foreclose on the Property.

7.      The Borrower, specifically, makes the claim that, "upon information and belief" NBK "provided information concerning the specific terms" of the Settlement Agreement to "at

3

least one potential counterparty that was actively negotiating with [Borrower] in regard to financing related to the [Property]" and that the "potential counterparty ended its negotiations with Plaintiff once it learned the terms" of the Settlement Agreement. *See* Complaint at ¶ 11. The Borrower, unsurprisingly, has not articulated any damages for this alleged "breach" of the Settlement Agreement.

8.      The following day after filing its TRO, a hearing was held on NBK's motion to lift stay and to appoint a receiver. At the hearing, counsel for Borrower admitted that, whatever "breach" there was, the granting of more time to comply with the Settlement Agreement would allow the Borrower to recover from that breach.

9.      Taking these representations as true, and for the sake of resolving this conflict, the Court gave the Borrower the time it requested to comply with the Settlement Agreement.

10.     With this issue now mooted, the Court then warned the Borrower that any more TROs or filings related to the Settlement Agreement will result in the award of NBK's attorney fees, stating:

> **And I will say this. If there are other filings relating to this issue of the settlement agreement, like the resolution of this issue and the foreclosure, we may start talking about fees.... I'll say it out loud. We're going to talk about sanctions for the cost of everybody's time.**
> **\*\*\***
> **On the record, there will not be any TROs to enjoin the foreclosure. Any TRO you try to file is going to end up in front of me, and I know the whole history of this case.**

11.     There was never any basis to file this lawsuit. But, in any event, the Court rendered this dispute moot on April 12, 2023 when it gave the Borrower the only relief it has requested. For the reasons explained herein, the Complaint has no basis in law or fact, it is entirely moot, and it should be dismissed in its entirety.

4

## III.
## ARGUMENT AND AUTHORITIES

**A.** **Legal Standard.**

12.     Texas Rule of Civil Procedure 91a, effective March 1, 2013, was enacted to apply to cases just like this one, where the claims asserted have "no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.*

13.     The trial court may not consider evidence in ruling on the motion and must base their decision solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59 of the Texas Rules of Civil Procedure. *See AC Interests, L.P. v. Tex. Comm'n on Env't Quality*, 543 S.W.3d 703, 705 (Tex. 2018) (quoting Rule 91a.6); *see* TEX. R. CIV. P. 59.

14.     Moreover, a traditional motion for summary judgment should be granted when no genuine issue of material fact exists and when the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The Supreme Court of Texas encourages the use of summary judgment to eliminate untenable legal positions and to avoid the delays of trial where there is no genuine issue of fact. *City of Houston v. Clearcreek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979).

5

**B.** **Borrower's Complaint has no Basis in Law or Fact.**

15.    The Borrower's sole claim for relief is a claim for breach of contract. But the Borrower has not alleged any facts to support this claim, nor has it articulated any damages resulting from the alleged breach. For this reason alone, the Complaint should be dismissed.

16.    The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.).

17.    The Borrower's sole allegation is that NBK breached the confidentiality of the Settlement Agreement by disclosing its terms to an unnamed third-party. But Borrower's complaint does not identify what terms were disclosed, how they were disclosed or, better yet, to whom they were disclosed. The Borrower does not allege how this disclosure was allegedly made, when this apparent disclosure took place, or who from NBK apparently made this disclosure. Simply put, these threadbare allegations do not identify a basis for this claim.

18.    The Borrower also fails to plead that it suffered any damages. And if the alleged breach of contract did not cause the Borrower damages, then there can be no recovery for breach of contract. *See Tidwell Props., Inc. v. Am. First Nat'l Bank,* No. 14–04–00120–CV, 2006 WL 176862, at *3 (Tex.App.—Houston [14th Dist.] Jan. 26, 2006, no pet.) (mem. op.) (stating that absence of causal connection between alleged breach and damages sought precludes recovery for breach of contract); *Abraxas Petroleum Corp. v. Hornburg,* 20 S.W.3d 741, 758 (Tex.App.—El Paso 2000, no pet.) (same).

4887-4044-1961.v2

19.     Indeed, the only relief sought by the Borrower is more time to comply with its obligations **owed to NBK**. This is certainly not "damage" but, in any event, it showcases that the only party that has been harmed at this juncture is NBK.

**C.     Alternatively, The Court Should Summarily Dismiss this Lawsuit as Moot.**

20.     The Court should also dismiss this lawsuit because the Borrower already obtained the only relief it seeks in the case – more time to comply with the Settlement Agreement. Indeed, the Borrower openly represented that the granting of more time would allow it to recover from whatever breach it alleges occurred.

21.     "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634-35 (Tex. 2021).

22.     The Court can, and should, find that this case has become moot for several reasons. The Borrower's singular ask from this Court was for more time to comply with its obligations under the Settlement Agreement. While NBK objected to this relief, the Court gave the Borrower the time it requested, effectively resolving whatever dispute that existed. Indeed, Borrower's counsel admitted to the Court that this relief allowed it to recover from the breach that occurred.

23.     Given the Court's decision, the parties no longer have an interest in the cases' outcome. There is no further relief for the Court to grant, and any further decision by the Court pertaining to this matter would constitute an advisory opinion. For this reason as well, the Court should summarily dismiss this lawsuit in its entirety.

4887-4044-1961.v2

## PRAYER

For the forgoing reasons, NBK prays that the Court Grant its Motion to Dismiss Pursuant to Rule 91a or, alternatively, grant its Motion for Summary Judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure and dismiss the Borrower's Complaint in its entirety. NBK also respectfully prays that this Court award NBK its costs as well as reasonable and necessary attorney fees and grant it all other relief to which it is entitled.

8

4887-4044-1961.v2

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____/s/ Charles Conrad_____
        Charles C. Conrad
        State Bar No. 24040721
        Elizabeth Klingensmith
        State Bar No. 24046496
        Ryan Steinbrunner
        State Bar No. 24093201
        Two Houston Center
        909 Fannin, Suite 2000
        Houston, Texas 77010-1018
        Telephone: (713) 276-7600
        Facsimile: (281) 276-7634
        charles.conrad@pillsburylaw.com
        liz.klingensmith@pillsburylaw.com
        ryan.steinbrunner@pillsburylaw.com

        *Attorneys for National Bank of Kuwait,*
        *S.A.K.P., New York Branch*

## CERTIFICATE OF SERVICE

In accordance with Rule 21 of the Texas Rules of Civil Procedure, I certify that on this 9th day of June 2023, a true and correct copy of the foregoing document was served on all counsel of record through electronic service.

        */s/ Charles C. Conrad*_____
        Charles C. Conrad

9

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angela McGinnis on behalf of Charles Conrad
Bar No. 24040721
angela.mcginnis@pillsburylaw.com
Envelope ID: 76487919
Filing Code Description: Motion (No Fee)
Filing Description: 20230609 NBK 91a Motion to Dismiss Alt Mtn SMJ
Status as of 6/12/2023 9:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 6/9/2023 5:39:51 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 6/9/2023 5:39:51 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 6/9/2023 5:39:51 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 6/9/2023 5:39:51 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 6/9/2023 5:39:51 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 6/9/2023 5:39:51 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 6/9/2023 5:39:51 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

6/9/2023 5:39:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76487919
By: LUGO, BONNIE
Filed: 6/9/2023 5:39:51 PM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| GALLERIA 2425 OWNER, LLC, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL BANK OF KUWAIT, | § | |
| S.A.K.P., NEW YORK BRANCH, | § | |
| | § | |
| **Defendant.** | § | 281ST JUDICIAL DISTRICT |

**ORDER ON NATIONAL BANK OF KUWAIT'S**
**MOTION FOR SUMMARY JUDGMENT**

ON THIS THE _____ day of _____, 2023, the Court considered Defendant, National Bank of Kuwait, S.A.K.P.'s ("NBK") Motion for Summary Judgment. The Court, having considered NBK's Motion, the response(s) and reply(ies) (if any), the arguments of counsel (if any), and the pleadings on file, has determined that NBK's Motion should be **GRANTED**.

**THEREFORE**, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims in the above-styled matter are hereby **DISMISSED WITH PREJUDICE**.

SIGNED this the _____ day of _____, 2023.

_____
HONORABLE JUDGE PRESIDING

4894-9718-7177.v1

6/9/2023 5:39:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 76487919
By: LUGO, BONNIE
Filed: 6/9/2023 5:39:51 PM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Defendant.** | § | **281ST JUDICIAL DISTRICT** |

### <u>ORDER ON NATIONAL BANK OF KUWAIT'S MOTION TO DISMISS</u>

ON THIS THE ____ day of _____, 2023, the Court considered Defendant, National Bank of Kuwait, S.A.K.P.'s ("NBK") Motion to Dismiss. The Court, having considered NBK's Motion, the response(s) and reply(ies) (if any), the arguments of counsel (if any), and the pleadings on file, has determined that NBK's Motion should be **GRANTED**.

**THEREFORE**, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims in the above-styled matter are hereby **DISMISSED WITH PREJUDICE**.

SIGNED this the ____ day of _____, 2023.

_____
HONORABLE JUDGE PRESIDING

4894-9718-7177.v1

7/3/2023 1:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77180120
By: Patricia Gonzalez
Filed: 7/3/2023 1:28 PM

**CAUSE NO. 2023-22748**

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **281st JUDICIAL DISTRICT** |

**PLAINTIFF GALLERIA 2425 OWNER LLC'S**
**ORIGINAL PETITION, EMERGENCY APPLICATION FOR TEMPORARY**
**RESTRAINING ORDER AND JURY DEMAND**

Plaintiff Galleria 2425 Owner LLC ("Plaintiff") files this Original Petition against Defendant National Bank of Kuwait, S.A.K.P., New York Branch ("NBK" or "Defendant") and hereby states and alleges the following:

**I.**
**DISCOVERY PLAN**

1.    Discovery should be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF SOUGHT**

2.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff is presently seeking monetary relief over $1,000,000.  The damages sought are within the jurisdictional limits of the Court.

## III.
## PARTIES

3.      Plaintiff Galleria 2425 Owner LLC is a limited liability company doing business in Texas and is the owner of the building located at 2425 West Loop S., Houston, Texas (the "Building").

4.      Defendant National Bank of Kuwait, S.A.K.P., New York Branch is a banking corporation organized under the laws of Kuwait, acting through its New York Branch.  Defendant has not designated a registered agent for service of process in the State of Texas.  As such, pursuant to Texas Civil Practice and Remedies Code §17.041-045, the Texas Secretary of State is Defendant's agent for service of process in this proceeding, which arises out of business Defendant has done in this state, and Defendant may be served through the Texas Secretary of State.  The Secretary of State shall thereafter forward a copy by certified mail, return receipt requested, to Corporation Service Company, 299 Park Avenue, New York, New York 10171.  Plaintiff requests that the clerk issue citation at this time.

## IV.
## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the parties and claims which are the subject of this suit.

6.      Venue is mandatory in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.020 because the agreement that forms the basis of this lawsuit constitutes a "major transaction," is in writing, and the parties thereto agreed that a suit arising from the agreement will be brought in Harris County, Texas.  Venue is additionally proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.0115 because the Defendant transacted business in and around Harris County, Texas; the real estate which forms the basis of

the claims asserted by Plaintiff is located in Harris County, Texas; and the agreement which forms the basis of this suit was executed and performable in Harris County, Texas.

**V.**
**FACTS**

7.    In 2018, Plaintiff and Defendant executed a loan agreement in which Defendant loaned certain funds to Plaintiff.  There is a dispute concerning the terms of the loans agreement, as well as a dispute concerning the extent and validity of the Defendant's alleged security interest in the Building.

8.    A dispute arose between Plaintiff and Defendant in 2021 concerning the loan agreement.  In September 2021, Plaintiff initiated a lawsuit against Defendant.

9.    To settle claims and controversies existing between them, the parties entered into a Confidential Settlement Agreement dated August 22, 2022 (the "Confidential Settlement Agreement").   The Confidential Settlement Agreement includes express confidentiality obligations requiring the parties to keep the contents and terms of the agreement completely confidential.

10.    Pursuant to the Confidential Settlement Agreement, Plaintiff nonsuited its claims asserted in the lawsuit against Defendant on or around August 25, 2022.

11.    Upon information and belief, Defendant has improperly disclosed the terms of the Confidential Settlement Agreement to third parties in direct violation of its express confidentiality obligations.  Defendant provided information concerning the specific terms of the Confidential Settlement Agreement to at least one potential counterparty that was actively negotiating with Plaintiff in regard to financing related to the Building.  The potential counterparty ended its negotiations with Plaintiff once it learned the terms of the Confidential Settlement Agreement from Defendant.

12.     Plaintiff has been made aware that Defendant now intends to post the Building for the May 2, 2023 foreclosure sale.

**VI.**
**CAUSES OF ACTIONS**

**BREACH OF CONFIDENTIAL SETTLEMENT AGREEMENT**

13.     The allegations contained in the preceding and subsequent paragraphs are incorporated herein by reference for all purposes.

14.     Plaintiff and Defendant reached a valid and enforceable agreement as expressly set forth in the unambiguous terms of the Confidential Settlement Agreement.  Pursuant to such Confidential Settlement Agreement, Defendant agreed to keep the contents and terms of the parties' agreement completely confidential.  Plaintiff dismissed its claims in the Lawsuit against Defendant in reliance upon Defendant's promise to uphold its confidentiality obligations set forth in the Confidential Settlement Agreement.

15.     Defendant breached the Confidential Settlement Agreement by disclosing its contents and terms to third parties in violation of the agreement's express confidentiality provisions.  As a direct and proximate result of Defendant's breach of the Confidential Settlement Agreement, Plaintiff has been damaged in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff accordingly seeks recovery of all damages suffered due to Defendant's breach of contract, including, but not limited to, all direct and consequential damages incurred as a result of Defendant's conduct.

**COMPLIANCE CONCERNS WITH COURT ORDER/DIRECTIVES**

16.     In a prior hearing the court Ordered that the settlement payment, the subject of the Confidential Settlement Agreement, would be paid by July 3, 2023.  However, the parties did not anticipate the early closure of the banks and the ability to wire funds.  Plaintiff has become aware

that it is unable to wire funds after 11:30am, which was a surprise to the Plaintiff and not anticipated.

17.     Furthermore, the Court previously advised all parties, during a prior hearing, that the settlement payment would be made, but the Plaintiff would still have the ability to prosecute any other claims, as it deems necessary.  However, Defendant is requiring that Plaintiff execute a release, that would release all claims, including any claims from this suit, as a condition for Defendant to accept the settlement payment.  Conditional release of claims was not a directive from this court, and was not part of any court order regarding the tender of the settlement payment.

18.     Plaintiff is attempting to remit the settlement payment, but is unable to remit such payment as a result of the bank's inability to process wire transfers today, and the Defendant unwillingness to accept funds absent a release of claims, which was not ordered by this court.

## VII.
## ATTORNEYS' FEES

19.     Plaintiff has been required to employ counsel to represent its interests as a result of Defendant's breach of the Confidential Settlement Agreement.  Plaintiff seeks all reasonable and necessary attorneys' fees, expenses, and costs of court pursuant to the terms of the Confidential Settlement Agreement and applicable law, including, but not limited to, Section 38.001 of the Texas Civil Practice & Remedies Code.

## VIII.
## PLAINTIFF'S INJURIES AND DAMAGES

20.     The Plaintiff has and will continue to be damaged and injured by Defendant's conduct in as much as Plaintiff has had to incur attorney's fees and costs to defend against the Defendant's wrongful actions and will lose all equity in the Building if a foreclosure sale is completed.

## IX.
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

21.     The Plaintiff requires injunctive relief to prevent the Defendant from improperly and wrongfully foreclosing on the Building.

22.     The Plaintiff has alleged a cause of action against the Defendant, and as indicated in this petition, the Plaintiff has shown a probable right of recovery and likelihood of success on the merits, the Plaintiff will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law.

23.     As a direct and proximate result of the Defendant's wrongful actions as alleged in this petition, the Plaintiff has suffered and will continue to suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. There is no necessity for a bond to facilitate the injunctive relief requested.

24.     The only adequate, effective, and complete relief to the Plaintiff is to restrain the Defendant from further engaging in certain proscribed activities, as set forth below. Pursuant to *Tex. R. Civ. P. 680 et seq.* and *Tex. Civ. Prac. & Rem. Code § 65.001 et seq.*, and in order to preserve the status quo during the pendency of this action, the Plaintiff seek a temporary restraining order, and on hearing, a temporary and permanent injunction, ordering and immediately restraining the Defendant, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") as follows:

   a)  Enjoining the Defendant from foreclosing on the Building or otherwise denying access thereto.

   b)  Mandating that the Defendant sale the Property at the July 5 2023 foreclosure sale.

**X.**

### JURY DEMAND

25.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### XI.
### PRAYER

WHEREFORE, Plaintiff Galleria 2425 Owner LLC respectfully requests that Defendant National Bank of Kuwait, S.A.K.P., New York Branch be cited to appear and answer herein and upon final hearing hereof, Plaintiff be awarded its damages resulting from Defendant's breach of contract, costs and fees, including reasonable and necessary attorneys' fees, along with any other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted:

/s/ James Q. Pope
James Q. Pope
TBN: 24048738
The Pope Law firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
Ph: 713-449-4481
Fx: 281-657-9693
jamesp@thepopelawfirm.com

### JURAT

My name is Alfred Kelly Williams, my date of birth is 09/22/1960. My office address is 2425 West Loop South, Houston, Texas 77027.  I declare under penalty of perjury that the facts and events set forth in the foregoing Amended Petition, Emergency Application for Temporary Restraining Order and Jury Demand are within my personal knowledge and are true and correct.

Executed in Harris County, State of Texas, on the 3rd day of July 2023.

 /s/ Alfred Kelly Williams
Alfred Kelly Williams

**Certificate of Service**

I hereby certify that interested parties registered to receive notice via the court's electronic noticing system was served the foregoing document on July 3, 2023.


/s/ James Q. Pope
James Q. Pope

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
jamesp@thepopelawfirm.com
Envelope ID: 77180120
Filing Code Description: Amended Filing
Filing Description: Amended Petition and Emergency Application for
Temporary Restraining Order
Status as of 7/3/2023 2:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 7/3/2023 1:28:00 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 7/3/2023 1:28:00 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 7/3/2023 1:28:00 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 7/3/2023 1:28:00 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 7/3/2023 1:28:00 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 7/3/2023 1:28:00 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 7/3/2023 1:28:00 PM | SENT |

Unofficial Copy Official Records of Marilyn Burgess District Clerk

7/3/2023 1:28:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 77180120
By: GONZALEZ, PATRICIA
Filed: 7/3/2023 1:28:00 PM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| *Defendant.* | § | **281ˢᵗ JUDICIAL DISTRICT** |

### ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION
### FOR TEMPORARY RESTRAINING ORDER

**CAME ON FOR CONSIDERATION** Plaintiff's Emergency Application or Temporary Restraining Order and the court being apprised of the premises based upon the pleadings, exhibits, records, and documents filed by counsel and presented to the court, as well as the arguments of counsel at the hearing, the Court finds that unless Defendant is enjoined from posting Plaintiff's building located at 2425 West Loop S., Houston, Texas 77027 for the July 2023 foreclosure sale, Plaintiff will suffer immediate and irreparable harm and lose access to both the Property and the equity in the building, and there is no other adequate remedy at law. The Court finds that there is a dispute between the parties and a possible violation of certain confidentiality obligations, as well as a dispute as to compliance with certain court orders and/or directives. Plaintiff was unable to resolve this matter prior to the hearing on Plaintiff's Emergency Application for Temporary Restraining Order. The Court is of the opinion that the Application should be GRANTED. Therefore, it is:

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest shall not foreclose on the building located at 2425 West Loop S., Houston, Texas 77027 currently scheduled for the July 5, 2023 foreclosure sale, or any subsequent foreclosure sale without further order of this court.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest, shall not take any steps to cause the building located 2425 West Loop S., Houston, Texas 77027 to be sold at the July 2023, or any subsequent foreclosure sale, including but not limited to, having a receiver, or any other third party, appointed that would adversely affect Plaintiff's interest in, or access to, the building, and shall not in any way interfere, or cause an interference, with Plaintiff's quiet use and enjoyment of the building located at 2425 West Loop S., Houston, Texas 77027, without further order of this court.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest shall immediately cease any and all communications, verbal or written, that violate the Confidential Settlement Agreement dated August 22, 2022, shall not interfere with Plaintiff's business, shall not communicate with Plaintiff's tenants, customers or business partners or affiliates, shall not violate any terms of the Confidential Settlement Agreement dated August 22, 2022, shall keep the contents and terms of the Confidential Settlement Agreement dated August 22, 2022 completely confidential, and the parties shall attend mediation prior to the Temporary Injunction hearing.

**ORDERED** that neither party shall serve any discovery on Plaintiff or any other person or entity, including but not limited to any requests for production, interrogatories, deposition notices, deposition or trial subpoenas, and depositions on written questions.  It is further

**ORDERED** that if the Property is sold at a foreclosure sale after entry of this Order, then the foreclosure sale shall be rescinded within three (3) days of entry of this Order. It is further

**ORDERED** that the terms of the settlement agreement entered into by the parties on or about August 22, 2022, and the court's prior order and directives extending the settlement payment date remain in effect, preserving the status quo and extending any deadlines or expiration dates therein, until the conclusion of the final temporary injunction hearing.

**IT IS FURTHER ORDERED** that bond shall be set in the amount of $_____ and the Temporary Injunction hearing is set for the following date: _____ at the following time: _____.

Signed: _____

_____
JUDGE PRESIDING

7/5/2023 8:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 77197292
By: JONATHAN PATTON
Filed: 7/5/2023 8:06 AM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **281st JUDICIAL DISTRICT** |

### PLAINTIFF GALLERIA 2425 OWNER LLC'S
### SECOND AMENDED PETITION, EMERGENCY APPLICATION FOR TEMPORARY
### RESTRAINING ORDER AND JURY DEMAND

Plaintiff Galleria 2425 Owner LLC ("Plaintiff") files this Second Amended Petition against Defendant National Bank of Kuwait, S.A.K.P., New York Branch ("NBK" or "Defendant") and hereby states and alleges the following:

### I.
### DISCOVERY PLAN

1.     Discovery should be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### RELIEF SOUGHT

2.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff is presently seeking monetary relief over $1,000,000.  The damages sought are within the jurisdictional limits of the Court.

## III.
## PARTIES

3.      Plaintiff Galleria 2425 Owner LLC is a limited liability company doing business in Texas and is the owner of the building located at 2425 West Loop S., Houston, Texas (the "Building").

4.      Defendant National Bank of Kuwait, S.A.K.P., New York Branch is a banking corporation organized under the laws of Kuwait, acting through its New York Branch.  Defendant has not designated a registered agent for service of process in the State of Texas.  As such, pursuant to Texas Civil Practice and Remedies Code §17.041-045, the Texas Secretary of State is Defendant's agent for service of process in this proceeding, which arises out of business Defendant has done in this state, and Defendant may be served through the Texas Secretary of State.  The Secretary of State shall thereafter forward a copy by certified mail, return receipt requested, to Corporation Service Company, 299 Park Avenue, New York, New York 10171.  Plaintiff requests that the clerk issue citation at this time.

## IV.
## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the parties and claims which are the subject of this suit.

6.      Venue is mandatory in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.020 because the agreement that forms the basis of this lawsuit constitutes a "major transaction," is in writing, and the parties thereto agreed that a suit arising from the agreement will be brought in Harris County, Texas.  Venue is additionally proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.0115 because the Defendant transacted business in and around Harris County, Texas; the real estate which forms the basis of

the claims asserted by Plaintiff is located in Harris County, Texas; and the agreement which forms the basis of this suit was executed and performable in Harris County, Texas.

**V.**
**FACTS**

7.     In 2018, Plaintiff and Defendant executed a loan agreement in which Defendant loaned certain funds to Plaintiff.  There is a dispute concerning the terms of the loan agreement, as well as a dispute concerning the extent and validity of the Defendant's alleged security interest in the Building.

8.     A dispute arose between Plaintiff and Defendant in 2021 concerning the loan agreement.  In September 2021, Plaintiff initiated a lawsuit against Defendant.

9.     To settle claims and controversies existing between them, the parties entered into a Confidential Settlement Agreement dated August 22, 2022 (the "Confidential Settlement Agreement").  The Confidential Settlement Agreement includes express confidentiality obligations requiring the parties to keep the contents and terms of the agreement completely confidential.

10.     Pursuant to the Confidential Settlement Agreement, Plaintiff nonsuited its claims asserted in the lawsuit against Defendant on or around August 25, 2022.

11.     Upon information and belief, Defendant has improperly disclosed the terms of the Confidential Settlement Agreement to third parties in direct violation of its express confidentiality obligations. Defendant provided information concerning the specific terms of the Confidential Settlement Agreement to at least one potential counterparty that was actively negotiating with Plaintiff in regard to financing related to the Building. The potential counterparty ended its negotiations with Plaintiff once it learned the terms of the Confidential Settlement Agreement from Defendant.

12.     Plaintiff has been made aware that Defendant now intends to post the Building for the May 2, 2023 foreclosure sale.

**VI.**
**CAUSES OF ACTIONS**

**BREACH OF CONFIDENTIAL SETTLEMENT AGREEMENT**

13.     The allegations contained in the preceding and subsequent paragraphs are incorporated herein by reference for all purposes.

14.     Plaintiff and Defendant reached a valid and enforceable agreement as expressly set forth in the unambiguous terms of the Confidential Settlement Agreement. Pursuant to such Confidential Settlement Agreement, Defendant agreed to keep the contents and terms of the parties' agreement completely confidential. Plaintiff dismissed its claims in the Lawsuit against Defendant in reliance upon Defendant's promise to uphold its confidentiality obligations set forth in the Confidential Settlement Agreement.

15.     Defendant breached the Confidential Settlement Agreement by disclosing its contents and terms to third parties in violation of the agreement's express confidentiality provisions. As a direct and proximate result of Defendant's breach of the Confidential Settlement Agreement, Plaintiff has been damaged in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff accordingly seeks recovery of all damages suffered due to Defendant's breach of contract, including, but not limited to, all direct and consequential damages incurred as a result of Defendant's conduct.

**COMPLIANCE CONCERNS WITH COURT ORDER/DIRECTIVES**

16.     In a prior hearing the court Ordered that the settlement payment, the subject of the Confidential Settlement Agreement, would be paid by July 3, 2023. However, the parties did not anticipate the early closure of the banks and the ability to wire funds. Plaintiff has become aware

that it is unable to wire funds after 11:30am, which was a surprise to the Plaintiff and not anticipated.

17.     Furthermore, the Court previously advised all parties, during a prior hearing, that the settlement payment would be made, but the Plaintiff would still have the ability to prosecute any other claims, as it deems necessary. However, Defendant is requiring that Plaintiff execute a release, that would release all claims, including any claims from this suit, as a condition for Defendant to accept the settlement payment. Conditional release of claims was not a directive from this court, and was not part of any court order regarding the tender of the settlement payment.

18.     Plaintiff is attempting to remit the settlement payment, but is unable to remit such payment as a result of the bank's inability to process wire transfers today, and the Defendant unwillingness to accept funds absent a release of claims, which was not ordered by this court.

<b>UNJUST ENRICHMENT</b>

19.     Plaintiff hereby incorporates paragraphs 1 through 18 herein as if set forth fully verbatim. Defendant, by way of posting the Property for a foreclosure sale, will be able to sale or obtain an ownership interest in the Property which would deprive Plaintiff of its Property and the equity therein. It would be unconscionable for Defendant to be able to foreclose on Plaintiff's Property after Plaintiff has invested its resources in preserving, maintaining, and upgrading the building. Plaintiff has also increased the number of tenants post-covid, and has recently paid $961,959.08 to the Defendant, $160,000.00 of which was paid in the last ninety days.

<b>VII.<br>ATTORNEYS' FEES</b>

20.     Plaintiff has been required to employ counsel to represent its interests as a result of Defendant's breach of the Confidential Settlement Agreement. Plaintiff seeks all reasonable and necessary attorneys' fees, expenses, and costs of court pursuant to the terms of the Confidential Settlement Agreement and applicable law, including, but not limited to, Section 38.001 of the

Texas Civil Practice & Remedies Code.

## VIII.
## PLAINTIFF'S INJURIES AND DAMAGES

21.      The Plaintiff has and will continue to be damaged and injured by Defendant's conduct in as much as Plaintiff has had to incur attorney's fees and costs to defend against the Defendant's wrongful actions and will lose all equity in the Building if a foreclosure sale is completed.

## IX.
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

22.      The Plaintiff requires injunctive relief to prevent the Defendant from improperly and wrongfully foreclosing on the Building.

23.      The Plaintiff has alleged a cause of action against the Defendant, and as indicated in this petition, the Plaintiff has shown a probable right of recovery and likelihood of success on the merits, the Plaintiff will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law.

24.      As a direct and proximate result of the Defendant's wrongful actions as alleged in this petition, the Plaintiff has suffered and will continue to suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. There is no necessity for a bond to facilitate the injunctive relief requested.

25.      The only adequate, effective, and complete relief to the Plaintiff is to restrain the Defendant from further engaging in certain proscribed activities, as set forth below. Pursuant to *Tex. R. Civ. P. 680 et seq.* and *Tex. Civ. Prac. & Rem. Code § 65.001 et seq.*, and in order to preserve the status quo during the pendency of this action, the Plaintiff seek a temporary restraining order, and on hearing, a temporary and permanent injunction, ordering and immediately restraining the Defendant, including the Defendant's agents, servants, employees, independent contractors,

attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") as follows:

  a)  Enjoining the Defendant from foreclosing on the Building or otherwise denying access thereto.

  b)  Mandating that the Defendant sale the Property at the July 5 2023 foreclosure sale.

## X.
## JURY DEMAND

26.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI.
## PRAYER

WHEREFORE, Plaintiff Galleria 2425 Owner LLC respectfully requests that Defendant National Bank of Kuwait, S.A.K.P., New York Branch be cited to appear and answer herein and upon final hearing hereof, Plaintiff be awarded its damages resulting from Defendant's breach of contract, costs and fees, including reasonable and necessary attorneys' fees, along with any other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted:

/s/ James Q. Pope
James Q. Pope
TBN: 24048738
The Pope Law firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
Ph: 713-449-4481
Fx: 281-657-9693
jamesp@thepopelawfirm.com

## **JURAT**

My name is Alfred Kelly Williams, my date of birth is 09/22/1960. My office address is 2425 West Loop South, Houston, Texas 77027. I declare under penalty of perjury that the facts and events set forth in the foregoing Amended Petition, Emergency Application for Temporary Restraining Order and Jury Demand are within my personal knowledge and are true and correct.

Executed in Harris County, State of Texas, on the 5th day of July 2023.

 /s/ Alfred Kelly Williams
Alfred Kelly Williams

**Certificate of Service**

I hereby certify that interested parties registered to receive notice via the court's electronic noticing system was served the foregoing document on July 5, 2023.


/s/ James Q. Pope
James Q. Pope

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
jamesp@thepopelawfirm.com
Envelope ID: 77197292
Filing Code Description: Amended Filing
Filing Description: Second Amended Petition and Emergency Application for Temporary Restraining Order
Status as of 7/5/2023 9:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Pope | | jamesp@thepopelawfirm.com | 7/5/2023 8:06:49 AM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 7/5/2023 8:06:49 AM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 7/5/2023 8:06:49 AM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 7/5/2023 8:06:49 AM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 7/5/2023 8:06:49 AM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 7/5/2023 8:06:49 AM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 7/5/2023 8:06:49 AM | SENT |

Unofficial Copy Official Records of Marilyn Burgess District Clerk

7/5/2023 8:06:49 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 77197292
By: PATTON, JONATHAN R
Filed: 7/5/2023 8:06:49 AM

## CAUSE NO. 2023-22748

| | | |
|---|---|---|
| GALLERIA 2425 OWNER LLC | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| NATIONAL BANK OF KUWAIT, S.A.K.P., | § | |
| NEW YORK BRANCH | § | |
| | § | |
| *Defendant.* | § | 281st JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION
## FOR TEMPORARY RESTRAINING ORDER

**CAME ON FOR CONSIDERATION** Plaintiff's Emergency Application or Temporary Restraining Order and the court being apprised of the premises based upon the pleadings, exhibits, records, and documents filed by counsel and presented to the court, as well as the arguments of counsel at the hearing, the Court finds that unless Defendant is enjoined from posting Plaintiff's building located at 2425 West Loop S., Houston, Texas 77027 for the July 2023 foreclosure sale, Plaintiff will suffer immediate and irreparable harm and lose access to both the Property and the equity in the building, and there is no other adequate remedy at law. The Court finds that there is a dispute between the parties and a possible violation of certain confidentiality obligations, as well as a dispute as to compliance with certain court orders and/or directives. Plaintiff was unable to resolve this matter prior to the hearing on Plaintiff's Emergency Application for Temporary Restraining Order. The Court is of the opinion that the Application should be GRANTED. Therefore, it is:

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest shall not foreclose on the building located at 2425 West Loop S., Houston, Texas 77027 currently scheduled for the July 5, 2023 foreclosure sale, or any subsequent foreclosure sale without further order of this court.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest, shall not take any steps to cause the building located 2425 West Loop S., Houston, Texas 77027 to be sold at the July 2023, or any subsequent foreclosure sale, including but not limited to, having a receiver, or any other third party, appointed that would adversely affect Plaintiff's interest in, or access to, the building, and shall not in any way interfere, or cause an interference, with Plaintiff's quiet use and enjoyment of the building located at 2425 West Loop S., Houston, Texas 77027, without further order of this court.  It is further

**ORDERED** that **National Bank of Kuwait, S.A.K.P., New York Branch** its agents, assigns or successors in interest shall immediately cease any and all communications, verbal or written, that violate the Confidential Settlement Agreement dated August 22, 2022, shall not interfere with Plaintiff's business, shall not communicate with Plaintiff's tenants, customers or business partners or affiliates, shall not violate any terms of the Confidential Settlement Agreement dated August 22, 2022, shall keep the contents and terms of the Confidential Settlement Agreement dated August 22, 2022 completely confidential, and the parties shall attend mediation prior to the Temporary Injunction hearing.

**ORDERED** that neither party shall serve any discovery on Plaintiff or any other person or entity, including but not limited to any requests for production, interrogatories, deposition notices, deposition or trial subpoenas, and depositions on written questions.  It is further

**ORDERED** that if the Property is sold at a foreclosure sale after entry of this Order, then the foreclosure sale shall be rescinded within three (3) days of entry of this Order. It is further

**ORDERED** that the terms of the settlement agreement entered into by the parties on or about August 22, 2022, and the court's prior order and directives extending the settlement payment date remain in effect, preserving the status quo and extending any deadlines or expiration dates therein, until the conclusion of the final temporary injunction hearing.

**IT IS FURTHER ORDERED** that bond shall be set in the amount of $_____ and the Temporary Injunction hearing is set for the following date: _____ at the following time: _____.

Signed: _____

_____
JUDGE PRESIDING

Filed 23 July 06 A9:05
Marilyn Burgess - District Clerk
Harris County

Cause No. 2023-22748

| | | |
|---|---|---|
| GALLERIA 2425 OWNER LLC | § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| NATIONAL BANK OF KUWAIT S A K P NEW YORK BRANCH | § | 281st JUDICIAL DISTRICT |

---

ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

---

On this day came on to be heard Plaintiff's Application for a Temporary Restraining Order.  After having reviewed the motions, responses and arguments of the parties, the Court finds that Plaintiff's Application for Temporary Restraining Order should be **DENIED**.

It is therefore,

ORDERED, that Plaintiff's Application for a Temporary Restraining Order is **DENIED**.

Signed July 3, 2023.

Ancillary Judge

Case No. 202322748                                                                                    **DCORX**

GALLERIA 2425 OWNER LLC                              *        IN THE DISTRICT COURT OF

vs.                                                                  *        HARRIS COUNTY, TEXAS

NATIONAL BANK OF KUWAIT S A K                   *        281st JUDICIAL DISTRICT

                                                                         *

## SCHEDULING AND DOCKET CONTROL ORDER

     The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 3/4/2024**     **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**     **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 4/4/2024**     Experts for parties seeking affirmative relief.
**(b) 5/6/2024**     All other experts.

**3.**     **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 7/5/2024**     **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**     No-evidence motions for summary judgment may only be heard after this date.
**(b)**     All dispositive motions or pleas must be heard.

**6. 7/5/2024**     **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 7/5/2024**     **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME. Failure to appear will be grounds for dismissal for want of prosecution.

**9. 8/5/2024**     **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed:  8/22/2023

CHARLES CLAYTON CONRAD
909 FANNIN ST., SUITE 2000     24040721     **CHRISTINE WEEMS**
HOUSTON, TX 77010     **JUDGE, 281ST DISTRICT COURT**
    **Date Generated: 8/16/2023**    JCVO02

Case No. 202322748                                                      **DCORX**

GALLERIA 2425 OWNER LLC                    *        IN THE DISTRICT COURT OF
                                           *
vs.                                        *        HARRIS COUNTY, TEXAS
                                           *
NATIONAL BANK OF KUWAIT S A K              *        281st JUDICIAL DISTRICT
                                           *

## SCHEDULING AND DOCKET CONTROL ORDER

    The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 3/4/2024**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 4/4/2024**    Experts for parties seeking affirmative relief.
**(b) 5/6/2024**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 7/5/2024**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**    No-evidence motions for summary judgment may only be heard after this date.
**(b)**    All dispositive motions or pleas must be heard.

**6. 7/5/2024**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 7/5/2024**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME.  Failure to appear will be grounds for dismissal for want of prosecution.

**9. 8/5/2024**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 8/22/2023

JAMES QUANTRELE POPE                                    **CHRISTINE WEEMS**
6161 SAVOY DR., SUITE 1125         24048738            **JUDGE, 281ST DISTRICT COURT**
HOUSTON, TX 77036                                       **Date Generated: 8/16/2023**         JCVO02